In re UNR INDUSTRIES, INC., Unarco Industries, Inc., UNR, Inc., UNR–Rohn, Inc., (Alabama), UNR–Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Debtors.

Nos. 82 B 9841 to 82 B 9851.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 27, 1984.

Nachman, Munitz & Sweig, Chicago, Ill., for Official Committee of Unsecured Creditors.

Levy & Erens, Chicago, Ill., for Manufacturers Hanover Trust and Citibank, N.A.

DeFrees & Fiske, Chicago, Ill., for Official Creditors' Committee of Asbestos-Related plaintiffs.

Gardner, Carton & Douglas, Chicago, Ill., for Bankers Life Co. and Nationwide Life Insurance Co.

Greenberger, Krauss & Jacobs, Chtd., Chicago, Ill., for First Nat. Bank of Chicago.

Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon the Application of the Official Unsecured Creditors' Committee [the Committee], represented by Nachman, Munitz & Sweig, Ltd., to employ additional counsel, and upon the responses to such Application filed by Manufacturers Hanover Trust Co. and Citibank, N.A., represented by Levy & Erens; the Official Creditors' Committee of Asbestos-Related Plaintiffs, represented by DeFrees & Fiske; the Debtors, represented by Schwartz, Cooper, Kolb & Gaynor, Chtd.; the First National Bank of Chicago, represented by Greenberger, Krauss & Jacobs, Chtd.; and Bankers Life Co. and Nationwide Life Insurance Co., represented by Gardner, Carton & Douglas; and also upon the Reply filed by Nachman, Munitz & Sweig, Ltd., to the Response of Manufacturers Hanover Trust Co. and Citibank, N.A., and the Court, having examined the pleadings and memoranda on file, and having accorded the parties an opportunity for hearing on May 10, 1984, and being fully advised in the premises;

The Court Finds:

1. The law firm of Nachman, Munitz & Sweig, Ltd., [the Nachman firm] represents the Committee appointed in these procedurally consolidated Chapter 11 bankruptcy cases. The employment of the Nachman firm in this capacity was approved by Order entered August 9, 1982.

2. The Nachman firm employs ten attorneys and limits its practice to insolvency and reorganization law in which field it is nationally recognized and highly respected.

3. On April 11, 1984, the Nachman firm filed an Application [Application] to employ the law firm of Winston & Strawn as additional counsel to assist the Committee. In support of this Application, the Committee alleged that, to date:

(a) The Debtors' audited consolidated balance sheet as of December 31, 1983, discloses assets, at book value of $208,-342,394.00 and debts aggregating $162,-806,012.00. In addition to said liabilities, approximately 12,000 claims arising out of injuries due to asbestos-related diseases have been filed against the Debtors.

(b) No plan of reorganization has been filed in any of the pending cases;

(c) Since October, 1983, Debtors have not met with or meaningfully consulted with the Committee;

(d) Various and numerous conflicts have arisen between Debtors and the Committee over the production of business and

property records and also with reference to the commencement of certain adversarial litigation.

The Committee further contends that because of the lack of progress in the formulation of a plan of reorganization, and an alleged "certainty" that complicated and extensive litigation will be necessary, additional counsel is needed to "expedite and further the administration of these cases."

4. The Committee requests this Court to appoint the law firm of Winston & Strawn [W & S] as additional counsel. According to the Application, the services to be rendered by W & S include:

(a) Assisting the Committee and the Nachman firm in an investigation of the acts, conduct, assets, liabilities and the financial condition of Debtors, the operation of their businesses and the desirability of the continuation of such operations;

(b) Participating in the investigation of Debtors' relationship with certain insiders being conducted by the Examiner, including various land transactions between Debtors and members of the family of David Leavitt;

(c) Advising the Committee and the Nachman firm with respect to the terms and provisions of such plan or plans of reorganization as may be filed in these cases; and

(d) Conducting discovery and participating in the trial of adversary proceedings and contested matters, including the evaluation of claims arising out of asbestos-related diseases.

The Committee further asserts that its employment of additional counsel would not result in duplication of legal services but, to the contrary, would result in a more effective and efficient representation because of the increased capacity of the Committee to participate in complex litigation. The Committee requests the appointment of W & S as co-counsel under a general retainer, with its compensation to be determined after notice and hearing.

5. The Application has been opposed by two members of the Creditors' Committee: Manufacturers Hanover Trust Company and Citibank, N.A. [the New York Banks]. The New York Banks request not only a denial of this Application, but also an Order which requires the Nachman firm to withdraw as counsel, and which substitutes W & S as new counsel for the Committee. The New York Banks contend that the Nachman firm is incapable of providing effective representation to the Committee. The Banks further charge that the Committee breached its fiduciary duty owed toward other creditors by advocating the employment of additional counsel to assist the Nachman firm.

6. Debtors and the Official Creditors' Committee of Asbestos-Related Plaintiffs oppose the Application to appoint co-counsel. These parties take the position that (a) the Nachman firm is a well-respected bankruptcy firm which is fully able to represent the Unsecured Creditors' Committee without additional counsel; (b) no definitive evidence has been presented to support the Application; and (c) the grant of the Application would unnecessarily increase the legal fees to be taxed against Debtors' estates, thereby further depleting assets that might otherwise be available for satisfaction of outstanding and/or potential claims against Debtors. Bankers Life Co. and Nationwide Life Insurance Co. support the Committee's Application to appoint co-counsel, while opposing the representations made by the New York Banks with reference to the competency and effectiveness of the Nachman firm. The Response filed by the First National Bank of Chicago also opposes the allegations made by the New York Banks with reference to the Nachman firm.

The Court Concludes and Further Finds:

1. The Court would preface its remarks on this matter with an observation of the immense costs of administration which have been occasioned to these bankruptcy estates. Already, this Court has approved the payment of interim compensation in the amount of $4,950,463.80 and the reimbursement of expenses of $745,537.06 to various professionals employed by Debtors and the

authorized committees. This represents combined administrative expenses of approximately 5.7 million dollars. In addition, currently pending applications submitted by these professionals include requests for additional interim compensation of $1,450,880.30 and the reimbursement of $201,496.83 in out-of-pocket expenses. The Court does not indicate here that the administrative costs incurred herein to date are in any way excessive, in relation to the complexity and extent of the litigation involved in these consolidated cases. The Court does conclude, in light of its responsibility to minimize where possible the costs of administration of these estates, that any party who proposes to introduce additional professional parties into these cases must present a clear and detailed showing of need for such additional professional services. In the Court's view, the Committee has failed to make the requisite showing of good cause for its employment of co-counsel.

2. The membership of the Nachman firm includes highly respected bankruptcy attorneys with substantial reorganization experience. Such counsel has participated in many complex reorganizations prior to assuming the position of counsel to the Committee in these proceedings, including one of the largest and most complex reorganization cases ever to have come before this bench: *In re Warshawsky & Co.*, 79 B 5784.

3. The Committee's Application requests that co-counsel should assist in an investigation of the acts, conduct, assets, liabilities and financial condition of Debtors. No explanation has been offered, however, regarding why present counsel is unable to perform such fundamental services. The Court would observe that the Committee is already being assisted in these regards by the Committee's accountants, Peat, Marwick & Mitchell. The Court is not convinced that additional legal representation with reference to this aspect of the Committee's functions would either be helpful or necessary.

4. The Application also seeks the assistance of co-counsel to participate in the investigation currently being conducted into Debtors' affairs by the Examiner. However, no showing has been made that the Examiner has either requested or requires such assistance from the Committee.

5. The experience of the Nachman firm is more than adequate to handle the task of advising the Committee on plans of reorganization respecting these Debtors.

6. It is the province of the Official Creditors' Committee of Asbestos-Related Plaintiffs to evaluate asbestos-related disease claims. The Committee does not require additional counsel to advise it respecting this matter.

7. The Court is very much concerned that the introduction of co-counsel into these cases to generally assist the Nachman firm would necessarily involve some measure of duplication of effort. If the Committee proposes that special counsel should engage in some specifically identified adversarial proceedings, then the Committee may move this Court to appoint such special counsel. However, on the basis of the present record, the Committee has failed to establish good cause for the employment of a second law firm to generally represent it in these cases on retainer. For this reason, the present Application to appoint co-counsel will be denied.

8. The Court would have this comment with reference to the allegation made by the New York Banks to the effect that the Committee breached its fiduciary obligation toward other creditors by requesting the employment of additional counsel. In the Banks' view, the Nachman firm, which employs a mere ten lawyers, "is simply too small to handle this case." What should instead have been requested, according to the New York Banks, was the *substitution* of some other, larger and more competent law firm in place of the present counsel for the Committee. The New York Banks modified this original position when, during the May 10, 1984, hearing of this cause, the New York Banks indicated that it would be acceptable to them if the Nachman firm

remained in the case long enough to permit substitute counsel to become familiar with these cases. At the time, the New York Banks offered no suggestion regarding the reasonable length of time which new counsel would require to familiarize itself with these cases, or of the cost of such a substitution.

9. In the Court's observations from the bench, both in these consolidated cases as well as in a host of other matters in which the Nachman firm has appeared over the years, the Court has come to regard the Nachman firm as a most able and effective law firm in bankruptcy matters. Aside from the Court's first-hand observations, it appears that the Nachman firm has been recognized throughout the country as one of the most experienced, competent and distinguished law firms engaged in the practice of bankruptcy and insolvency law.

Norman H. Nachman, the senior member of the Nachman firm, has been engaged in the practice of bankruptcy and insolvency law for approximately 50 years. Mr. Nachman is incontestably one of the most distinguished and competent bankruptcy practitioners in the country. Although it is unusual for an appellate court to publicly comment on the competency of a lawyer, the Court of Appeals for the Seventh Circuit has noted that Mr. Nachman is "a highly respected practitioner at the bankruptcy bar." *In re Stolkin,* 472 F.2d 222, 225 (7th Cir.1973). Mr. Nachman is a member of the National Bankruptcy Conference, the Advisory Committee on Bankruptcy Rules, a former Chairman of the Commercial Bankruptcy Committee of the American Bar Association, a Life Member of both the American Bar Foundation and the Chicago Bar Foundation, and a former President of the Chicago Bar Association.

Gerald F. Munitz and Alan G. Sweig, the other senior members of the Nachman firm, have each been engaged in the practice of bankruptcy and insolvency law for over 20 years. Both Messrs. Munitz and Sweig are regarded as highly competent practitioners of the bankruptcy bar and each has lectured widely on subjects involving bankruptcy and insolvency law. Both Messrs. Munitz and Sweig are contributing editors for *Collier's Bankruptcy Guide,* 1981. Mr. Munitz is a member of the National Bankruptcy Conference. Mr. Sweig is an Adjunct Professor of Law at Northwestern University Law School who lectures on bankruptcy and reorganization law.

10. No other members of the Committee appeared at the May 10, 1984, hearing to object to the further involvement of the Nachman firm in these cases. It would appear that the dissatisfaction with the services of such counsel is confined to the New York Banks. The individual members of the Committee (aside from the New York Banks) cannot be faulted for their desire to retain the Nachman firm as their general counsel, whether or not co-counsel was to be appointed in these proceedings. Nor does the Court believe that the Committee breached its fiduciary responsibilities toward other creditors as a result of their attempt to secure additional representation in these large and complex proceedings. As indicated earlier, the Court does not believe a sufficient showing has been made to warrant the appointment of co-counsel for the Committee. Whether special counsel should be appointed to assist the Committee is an open question. The Court concludes that the New York Banks have failed to adduce competent evidence to support their allegation that the Committee breached its fiduciary responsibilities toward other creditors through its presentment of the instant Application.

11. Finally, the Nachman firm has requested that this Court strike certain alleged scandalous and defamatory statements which appear in a letter of March 27, 1984, written by Edward S. Christie, Vice President and Counsel to Manufacturers Hanover Trust Co. This letter was attached as Exhibit "N" to the New York Banks' "Statement" with reference to the Committee's Application. The Court has examined the content of Mr. Christie's letter, and the Court does not consider it necessary to strike from the record the

complained-of comments of Mr. Christie pursuant to Bankruptcy Rule 9018.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Application of the Official Unsecured Creditors' Committee for the appointment of additional counsel be, and the same is hereby, denied without prejudice. If circumstances in the future result in the pendency of either complicated or extensive litigation or other new matters involving the Committee, the request for relief may be resubmitted.